BAITINGER v BRISSON

Docket No. 195420. Submitted March 10, 1998, at Detroit. Decided May 26, 1998, at 9:25 A.M.

Ronald and Lynn Baitinger brought an action in the Oakland Circuit Court against G. Victor Brisson and Thomas P. Wujczyk, principal owners and officers of Oakland Ridge Associates, Inc., alleging breach of contract and misrepresentation and seeking a declaration that the corporate veil should be pierced so that recovery could be had against Brisson and Wujczyk. A consent judgment was entered against Wujczyk only. Following a bench trial, the court, Robert L. Templin, J., entered a judgment of no cause of action, finding that the corporate existence of Oakland Ridge Associates should be not disregarded. The plaintiffs appealed, and the Court of Appeals reversed the trial court's decision and remanded for a trial with respect to the question of damages, finding that the corporation was a sham and that Victor Brisson was personally liable for any damages that arose out of the corporation's breach of contract. *Baitinger v Brisson*, unpublished opinion per curiam of the Court of Appeals, issued October 26, 1994 (Docket No. 150634). On remand, the plaintiffs moved for summary disposition, arguing that there was no genuine issue of material fact concerning the issue of damages and that a judgment in this action should be entered in the amount of a consent judgment entered in favor of the plaintiffs and against Oakland Ridge Associates in a prior separate proceeding. The trial court, John J. McDonald, J., entered an order on April 20, 1996, granting summary disposition for the plaintiffs, finding that Victor Brisson stood in the shoes of the corporation and that damages had already been determined in the prior action against the corporation. On May 10, 1996, the plaintiffs filed a motion for mediation sanctions, which was granted by the trial court on June 1, 1996. Victor Brisson filed a claim of appeal in the Court of Appeals on June 10, 1996. During the pendency of this appeal Victor Brisson died, and Margaret Brisson, personal representative of the estate of G. Victor Brisson, was substituted as the defendant.

The Court of Appeals *held*:

MCR 7.204(A)(1) provides that an appeal of right in a civil action must be taken within twenty-one days after entry of the judgment or order being appealed from, within twenty-one days after entry of

an order denying a motion for a new trial, a motion for rehearing or reconsideration, or a motion for other postjudgment relief if such motion had been filed within the twenty-one-day appeal period, within such additional time as the trial court may have allowed during that twenty-one-day period, or within another time allowed by law. Because the order being appealed from is the April 20, 1996, order granting summary disposition for the plaintiffs and because the defendant neither filed a claim of appeal nor filed a motion for postjudgment relief within the twenty-one-day appeal period following entry of that final judgment, the defendant's appeal is not properly before the Court of Appeals.

Appeal dismissed.

*John J. Kraus, Jr.*, for the plaintiff.

*R. Reid Krinock*, for the defendant.

Before: YOUNG, JR., P.J., and KELLY and DOCTOROFF, JJ.

PER CURIAM. Defendant[1] appeals as of right from an order granting summary disposition in favor of plaintiffs. We dismiss defendant's appeal for lack of jurisdiction under MCR 7.203 because it was not filed within the period provided in MCR 7.204(A)(1).

This case arose out of a contract between plaintiffs and Oakland Ridge Associates, Inc., (Oakland Ridge) for the construction of a residential home. During construction, plaintiffs discovered defects that Oakland Ridge would not correct. As a result of the dispute, Oakland Ridge filed a complaint against plaintiffs, seeking to foreclose on liens against the property. Plaintiffs filed a counterclaim for injunctive relief, arguing that the liens were improper. The matter went to arbitration, and on April 27, 1990, the

---

[1] G. Victor Brisson, hereinafter defendant, the original defendant in this case, is now deceased. Margaret Brisson, personal representative of his estate, substituted as defendant during this appeal.

court entered a consent judgment in favor of plaintiffs in the amount of $70,000. All liens against the home were discharged.

In August 1989, before the settlement of the original action, plaintiffs filed the present action against G. Victor Brisson and Thomas P. Wujczyk as the principal owners and officers of Oakland Ridge, alleging breach of contract and misrepresentation. Plaintiffs argued that the court should disregard the Oakland Ridge corporation and allow plaintiffs to seek recovery against Brisson and Wujczyk individually. On April 27, 1990, a consent judgment was entered against Wujczyk only. On February 14, 1992, following a bench trial, the court ruled that the corporate existence of Oakland Ridge should not be disregarded and that defendant was not to be held personally liable for the debts of or breach of contract by Oakland Ridge. The court entered a judgment of no cause of action in favor of defendant.

This Court reversed the trial court's decision, holding that the court clearly erred in failing to disregard the corporate entity and hold defendant personally liable for the corporation's breach. *Baitinger v Brisson*, unpublished opinion per curiam of the Court of Appeals, issued October 26, 1994 (Docket No. 150634). This Court found that the corporation was a sham and was formed for the unlawful purpose of building residential homes without the required builder's license. The case was remanded for trial on the issue of damages.

On remand, plaintiffs filed a motion for summary disposition pursuant to MCR 2.116(C)(10). Plaintiffs argued that, because defendant was personally liable for the consent judgment previously entered against

Oakland Ridge, there was no genuine issue of material fact regarding the amount of damages. On April 20, 1996, the trial court entered an order granting plaintiffs' motion, stating that, on the basis of this Court's ruling, defendant stood in the shoes of the corporation and that damages had already been determined in plaintiffs' prior action against Oakland Ridge.

On May 10, 1996, plaintiffs filed a motion for mediation sanctions, which the court granted in a June 1, 1996, order. Defendant filed a claim of appeal with this Court on June 10, 1996. On July 22, 1996, plaintiffs filed a motion to dismiss defendant's appeal because it was filed more than twenty-one days after the entry of the order appealed from. This Court denied the motion without prejudice to arguing in the jurisdictional statement of the appellee's brief that this Court lacks jurisdiction. In their brief on appeal, plaintiffs renewed their motion to dismiss defendant's appeal for lack of jurisdiction of this Court. We agree with plaintiffs that defendant's appeal was not timely filed.

MCR 7.204(A)(1) provides:

> An appeal of right in a civil action must be taken within
>
> (a) 21 days after entry of the judgment or order appealed from;
>
> (b) 21 days after the entry of an order denying a motion for a new trial, a motion for rehearing or reconsideration, or motion for other postjudgment relief, if the motion was filed within the initial 21-day appeal period or within further time the trial court may have allowed during that 21-day period; or
>
> (c) another time provided by law.

The time limit for an appeal by right is jurisdictional. MCR 7.204(A). A final judgment or order in a civil case means "the first judgment or order that disposes of all the claims and adjudicates the rights and liabilities of all the parties, including such an order entered after reversal of an earlier final judgment or order." MCR 7.202(8)(a)(i).

In the present case, the order granting summary disposition for plaintiffs was entered on April 20, 1996. Defendant filed a claim of appeal with this Court on June 10, 1996, more than twenty-one days after the order of summary disposition was entered. Defendant contended that he did not appeal the order of summary disposition until after the court's ruling with respect to plaintiff's motion for mediation sanctions because he was waiting until he knew the exact amount of sanctions to appeal. The question before this Court, therefore, is whether plaintiffs' motion for mediation sanctions affected the rights and liabilities of the parties such that the summary disposition order was not a "final order" under MCR 7.202(8). We find that it did not.

Here, the first judgment or order that disposed of all the claims and adjudicated the rights and liabilities of all the parties was the order granting summary disposition in favor of plaintiffs. Defendant did not file any motions for postjudgment relief within twenty-one days of the entry of the order granting summary disposition. A motion for sanctions against a defendant cannot be characterized as a motion for relief from a judgment against that same defendant. Accordingly, defendant's appeal is not properly before this Court.[2]

---

[2] Even if we were to hear defendant's appeal, we would find that summary disposition in favor of plaintiffs was proper. The trial court did not

Defendant's appeal is dismissed.

---

err in using the consent judgment between plaintiffs and Oakland Ridge as proof of the amount of damages against defendant after this Court held that the corporate form should be disregarded and that defendant and the corporation were one and the same. The consent judgment addressed the same claims for damages arising out of the construction contract as the present action. Defendant did not dispute the amount of damages or provide any other evidence indicating that damages against him in the amount of $70,000 was improper. Therefore, there was no genuine issue of material fact with regard to plaintiffs' damages.