# STATE OF MICHIGAN

# COURT OF APPEALS

---

OLIVIA KING,

        Plaintiff-Appellant,

v

U.S. BANK NATIONAL ASSOCIATION,

        Defendant-Appellee.

UNPUBLISHED
May 10, 2016

No. 325927
Kalamazoo Circuit Court
LC No. 2014-000470-CH

---

Before: RIORDAN, P.J., and SAAD and MARKEY, JJ.

PER CURIAM.

Plaintiff appeals by right the trial court's order granting defendant U.S. Bank National Association's motion for summary disposition pursuant to MCR 2.116(C)(7). We affirm.

Plaintiff executed a mortgage on September 23, 2005, in favor of Mortgage Electronic Registration Systems, Inc. (MERS), with regard to residential real property located in Portage, Michigan. In April 2008, Countrywide Home Loans, the loan servicer, notified plaintiff that the loan was in "serious default." In July 2009, plaintiff attempted to modify her loan through the Home Affordable Mortgage Program (HAMP). On January 25, 2010, MERS assigned its interest in the mortgage to defendant. In February and March 2010, notice was published in the local newspaper and posted on the real property at issue that plaintiff defaulted on the mortgage and that a foreclosure sale would occur on April 1, 2010. On March 8, 2010, plaintiff received a letter from Bank of America (BOA), who apparently replaced Countrywide as the servicer of the loan. The March 8, 2010 letter stated that plaintiff might be eligible for a loan modification through the HAMP and that the foreclosure sale would not occur while plaintiff's HAMP eligibility was being determined. Plaintiff received letters from BOA in May and June 2011 stating that she failed to submit certain documents that were required to process her HAMP application. She received letters in July and September 29, 2011, stating that she was ineligible for a modification under the HAMP because she failed to submit required documents. On November 3, 2011, the property was foreclosed and sold to defendant.

Defendant commenced summary proceedings on May 15, 2012, in case no. 12-01233-LT to evict plaintiff from the property. Plaintiff filed a counterclaim against defendant. In count one of plaintiff's counterclaim, plaintiff alleged that, contrary to BOA's letters, she did in fact submit all of the required documents with regard to her HAMP application; consequently, defendant violated statutory provisions with regard to the foreclosure sale, and the foreclosure

-1-

sale should be set aside. Defendant moved for summary disposition with regard to plaintiff's counterclaim. The district court granted defendant's motion, concluding that plaintiff provided no evidence that she submitted the required documents. The district court ordered that defendant was entitled to possess the property. Plaintiff appealed to the circuit court on June 24, 2013. The circuit court affirmed the district court's grant of summary disposition to defendant regarding plaintiff's counterclaim. We denied plaintiff's application for leave to appeal that decision. *US Bank Nat'l Ass'n v King*, unpublished order of the Court of Appeals, entered June 25, 2014 (Docket No. 320436).

On September 2, 2014, plaintiff filed a complaint against defendant alleging that defendant misrepresented to plaintiff that she failed to submit required documents for her HAMP application when, in fact, she had submitted the documents.[1] Plaintiff alleged that this misrepresentation violated various statutory provisions and constituted grounds to set aside the foreclosure sale and bar defendant's taking title to the property. Defendant moved for summary disposition under MCR 2.116(C)(7), arguing that because plaintiff's claims were argued in case No. 12-01233-LT, res judicata and collateral estoppel barred her current action. The trial court agreed that plaintiff's claims were barred by res judicata and collateral estoppel and granted defendant's motion for summary disposition. Plaintiff now appeals by right.

"The applicability of legal doctrines such as res judicata and collateral estoppel are questions of law to be reviewed de novo." *Husted v Auto-Owners Ins Co*, 213 Mich App 547, 555; 540 NW2d 743 (1995). Summary disposition is proper under MCR 2.116(C)(7) if entry of judgment is appropriate because of a prior judgment. "We review summary dispositions de novo." *Nuculovic v Hill*, 287 Mich App 58, 61; 783 NW2d 124 (2010).

Res judicata "bars a second, subsequent action when (1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first." *Adair v Michigan*, 470 Mich 105, 121; 680 NW2d 386 (2004). With regard to the first element, we note that unless otherwise specified in the order, a dismissal "operates as an adjudication on the merits." MCR 2.504(B)(3); see also *Washington v Sinai Hosp of Greater Detroit*, 478 Mich 412, 419; 733 NW2d 755 (2007). With regard to the second element, it is sufficient that both actions involved the same parties regardless whether one party was a plaintiff in the first action and that same party was a defendant in the second action. See *Bd of Co Road Comm'rs for Co of Eaton v Schultz*, 205 Mich App 371, 376; 521 NW2d 847 (1994). With regard to the third element and summary proceedings, MCL 600.5750 states in relevant part: "The remedy provided by summary proceedings is in addition to, and not exclusive of, other remedies, either legal, equitable or statutory. A judgment for possession under this chapter does not merge or bar any other claim for relief, except" with regard to enumerated exceptions inapplicable in this case.

---

[1] We note that plaintiff never attempted to explain how defendant could be responsible for alleged misrepresentations that—if such misrepresentations existed—were apparently perpetrated by BOA, not defendant. This matter was never addressed in the trial court, and the parties do not address it on appeal.

Our Supreme Court has stated that "in light of the first sentence of" MCL 600.5750 "it is evident that judgment in these summary proceedings, no matter who prevails, does not bar other claims for relief." *JAM Corp v AARO Disposal, Inc*, 461 Mich 161, 170; 600 NW2d 617 (1999) (footnote omitted). Claims "actually litigated in the summary proceedings" are barred by res judicata in subsequent proceedings, MCL 600.5750 notwithstanding. *Sewell v Clean Cut Mgt, Inc*, 463 Mich 569, 576-577; 621 NW2d 222 (2001).

Similar to res judicata, "[t]he doctrine of collateral estoppel precludes relitigation of an issue in a different, subsequent action between the same parties or their privies when the earlier proceeding resulted in a valid final judgment and the issue in question was actually and necessarily determined in that prior proceeding." *Dearborn Hts Sch Dist No 7 v Wayne Co MEA/NEA*, 233 Mich App 120, 124; 592 NW2d 408 (1998). For collateral estoppel to apply, the following three elements must be satisfied: "(1) 'a question of fact essential to the judgment must have been actually litigated and determined by a valid and final judgment'; (2) 'the same parties must have had a full [and fair] opportunity to litigate the issue'; and (3) 'there must be mutuality of estoppel.' " *Monat v State Farm Ins Co*, 469 Mich 679, 682-684; 677 NW2d 843 (2004), quoting *Storey v Meijer, Inc*, 431 Mich 368, 373 n 3; 429 NW2d 169 (1988) (footnote omitted).

With regard to the first requirement, "[a] final judgment or order in a civil case means 'the first judgment or order that disposes of all the claims and adjudicates the rights and liabilities of all the parties, including such an order entered after reversal of an earlier final judgment or order.' " *Baitinger v Brisson*, 230 Mich App 112, 116; 583 NW2d 481 (1998), quoting MCR 7.202(8)(a)(i). With regard to the second requirement, our Supreme Court has held that collateral estoppel does not preclude relitigation in circumstances such as where "[t]he party against whom preclusion is sought could not, as a matter of law, have obtained review of the judgment in the initial action . . . ." *Monat*, 469 Mich at 683 n 2, quoting 1 Restatement Judgments, 2d, ch 3, § 29, p 273. With regard to the third requirement, "[m]utuality of estoppel requires that in order for a party to estop an adversary from relitigating an issue that party must have been a party, or in privy to a party, in the previous action." *Id.* at 684 (citations and quotation marks omitted).

Here, the first element of res judicata—the prior action was decided on the merits—was satisfied because the district court in case No. 12-01233-LT granted defendant's motion for summary disposition with regard to count one in plaintiff's counterclaim. See MCR 2.504(B)(3); *Washington*, 478 Mich at 419. There is no dispute that the second element of res judicata was satisfied because the action in case No. 12-01233-LT and this action "involve the same parties"—plaintiff and defendant. *Adair*, 470 Mich at 121. And, the third element was satisfied because plaintiff's claims in this case were in fact litigated and disposed of in case No. 12-01233-LT. In this case, plaintiff alleged in count one that defendant violated numerous statutory provisions regarding the foreclosure sale because defendant's internal documents showed that plaintiff complied with the document requests in connection with plaintiff's HAMP application, yet defendant misrepresented that plaintiff did not submit the required documents and foreclosed on the property. In count two, plaintiff again alleged violations of various

-3-

statutory provisions, presumably relying on defendant's allegedly fraudulently misleading plaintiff with regard to the HAMP application process.[2]  Plaintiff alleged that this was grounds to set aside the foreclosure sale.  This is precisely what was litigated in count one of plaintiff's counterclaim in case No. 12-01233-LT.  Specifically, in count one of plaintiff's counterclaim in case No. 12-01233-LT, plaintiff argued that defendant engaged in statutory violations because plaintiff submitted the documents required as part of her HAMP application, contrary to the numerous letters from BOA stating otherwise.  Plaintiff argued that this was grounds for setting aside the foreclosure sale.  Therefore, the matter asserted in this action was resolved in the first case, and the third element of res judicata was satisfied.  *Id.*  Because plaintiff's claims were "actually litigated in the summary proceedings" in case No. 12-01233-LT, MCL 600.5750 does not bar the application of res judicata.  *Sewell*, 463 Mich at 576.  Therefore, the trial court properly concluded that res judicata barred plaintiff's action.  *Adair*, 470 Mich at 121.

With regard to collateral estoppel, we find that the first requirement was satisfied because, as discussed above, plaintiff alleged in case No. 12-01233-LT that defendant violated statutory provisions because despite the fact that plaintiff submitted the required HAMP documents, defendant stated that she did not.  Plaintiff asserted the same allegations in this case.  The question of whether defendant actually engaged in such conduct was determined in case No. 12-01233-LT when the district court concluded that plaintiff submitted no evidence of such conduct and granted summary disposition in favor of defendant.  Therefore, the question of whether defendant engaged in fraudulent misconduct with regard to plaintiff's HAMP application was litigated and determined by a valid and final judgment.  *Monat*, 469 Mich at 682.  The second element of collateral estoppel was satisfied because there is no indication that plaintiff was denied a full and fair opportunity to litigate the issue of defendant's alleged fraudulent misconduct in case No. 12-01233-LT.  *Id.* at 682-683.  And, because the parties in case No. 12-01233-LT and in this case were the same, the third requirement for collateral estoppel—mutuality—is satisfied.  *Id.* at 683-684.

Plaintiff nevertheless argues that neither res judicata nor collateral estoppel applies because in case No. 12-01233-LT she alleged misrepresentations with regard to the assignment of the mortgage and defendant's alleged incapacity to accept assets into the trust, whereas in this case she alleged fraud with regard to plaintiff's HAMP application.  Although it is true that plaintiff alleged misrepresentation with regard to the mortgage assignment and defendant's alleged incapacity in counts four and five of her counterclaim in case No. 12-01233-LT, count one of that counterclaim alleged that defendant engaged in statutory violations with regard to plaintiff's HAMP application, as discussed above.

Plaintiff also argues in this appeal that in case No. 12-01233-LT, she was unable to obtain evidence of defendant's fraudulent scheme because seven affidavits which she submitted to the trial court in this case after the trial court granted defendant's motion for summary disposition were unavailable in case No. 12-01233-LT, even through the exercise of reasonable

---

[2] Plaintiff also brought a third count, which was essentially a motion to stay the district court's eviction order.  This count is not at issue on appeal.

diligence. Because these affidavits were submitted to the trial court after the trial court granted defendant's motion, we will not consider them. *Wormsbacher v Seaver Title Co*, 284 Mich App 1, 4-5; 772 NW2d 827 (2009). Moreover, this argument misapprehends the doctrine of res judicata. "Res judicata bars every *claim* arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." *Adair*, 470 Mich 123 (emphasis added). As discussed above, plaintiff raised the claim in case No. 12-01233-LT that defendant engaged in fraud with regard to plaintiff's HAMP application, which was grounds to set aside the foreclosure sale. On appeal, plaintiff appears to argue that because she lacked evidence to support her claim in case No. 12-01233-LT, res judicata and collateral estoppel did not apply. Plaintiff cites no authority to support her argument, thus abandoning it. *Spires v Bergman*, 276 Mich App 432, 444; 741 NW2d 523 (2007).

Plaintiff further argues that in case No. 12-01233-LT, defendant prevented her from obtaining evidence with regard to the alleged scheme concerning HAMP applications. As with plaintiff's argument regarding the seven affidavits discussed *supra*, we find this argument lacks merit because a lack of evidence supporting plaintiff's allegations was not at issue when the trial court dismissed plaintiff's claims in this case under MCR 2.116(C)(7). Rather, as discussed, the trial court granted defendant's motion for summary disposition because plaintiff's claim that defendant engaged in misconduct regarding the HAMP application had already been litigated.

Next, plaintiff argues that the trial court prematurely granted defendant's motion for summary disposition. This argument lacks merit because there was not a fair likelihood that further factual development would have supported plaintiff's position that her claims were not previously litigated, which was the basis of granting defendant summary disposition. See *Liparoto Constr, Inc v Gen Shale Brick, Inc*, 284 Mich App 25, 33-34; 772 NW2d 801 (2009).

Finally, plaintiff makes the unpreserved argument that the trial court improperly granted defendant's motion for summary disposition because plaintiff alleged extrinsic rather than intrinsic fraud. Indeed, extrinsic fraud is an exception to res judicata. *Sprague v Buhagiar*, 213 Mich App 310, 313; 539 NW2d 587 (1995). "Extrinsic fraud is fraud outside the facts of the case: 'fraud which actually prevents the losing party from having an adversarial trial on a significant issue.' " *Id.*, quoting *Rogoski v Muskegon*, 107 Mich App 730, 736; 309 NW2d 718 (1981). There is absolutely no indication that the fraud that plaintiff alleged in this case falls "outside the facts of the case." *Id.* at 313. Plaintiff's attempt to characterize the fraud alleged in this case as extrinsic fails, and plaintiff has not established plain error in that regard. *Richard v Schneiderman & Sherman, PC (On Remand)*, 297 Mich App 271, 273; 824 NW2d 573 (2012).

We affirm.

/s/ Michael J. Riordan
/s/ Henry William Saad
/s/ Jane E. Markey

-5-