Memorandum Opinion. Plaintiff developed a neurological disorder as a result of injuries sustained in a 2007 motor vehicle accident. Subsequently, in 2008, while driving a motorcycle, he experienced a seizure consistent with that disorder, lost control of the motorcycle, crashed into a parked car, and sustained a severe spinal cord injury that left him quadriplegic. Plaintiff did not assert that he was entitled to no-fault benefits *296 for the spinal cord injury as a result of the 2008 crash.[1] Eather, he claimed that he was entitled to no-fault benefits for the spinal cord injury as a result of the 2007 accident, asserting that the spinal cord injury “ar[ose] out of” the 2007 accident for purposes of MCL 500.3105(1). Defendant Progressive Michigan Insurance Company moved unsuccessfully for partial summary disposition in the trial court, and the Court of Appeals affirmed on leave granted.[2] We ordered and heard oral argument on whether to grant Progressive’s application for leave to appeal or take other peremptory action.[3]
Given that there is no dispute regarding the material facts and that the parties agree that the 2007 accident involved the use of a motor vehicle as a motor vehicle and that plaintiff is entitled to personal protection insurance (PIP) benefits from Progessive for all injuries “arising out of” that accident, including the neurological disorder, the only question here is whether the spinal cord injury plaintiff suffered in the 2008 crash “ar[ose] out of” the 2007 accident for purposes of MCL 500.3105(1).
Pursuant to MCL 500.3105(1), a PIP provider is liable “to pay benefits for accidental bodily injury *297 arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle . . . .” In Griffith v State Farm Mut Auto Ins Co, 472 Mich 521, 531 (2005), this Court explained this causal requirement:
[A]n insurer is liable to pay benefits for accidental bodily injury only if those injuries “aris[e] out of” or are caused by “the ownership, operation, maintenance or use of a motor vehicle...It is not any bodily injury that triggers an insurer’s liability under the no-fault act. Rather, it is only those injuries that are caused by the insured’s use of a motor vehicle.
Regarding the degree of causation between the injury and the use of the motor vehicle that must be shown, this Court has established that an injury arises out of the use of a motor vehicle as a motor vehicle when “the causal connection between the injury and the use of a motor vehicle as a motor vehicle is more than incidental, fortuitous, or ‘but for.’ ” Thornton v Allstate Ins Co, 425 Mich 643, 659 (1986).
In this case, the causal connection between the 2008 spinal cord injury and the 2007 accident is insufficient to satisfy the “arising out of” requirement of MCL 500.3105(1).[4] Plaintiff did not injure his spinal cord while using the vehicle in 2007. Rather, he injured it in the 2008 motorcycle crash, which was caused by his seizure, which was caused by his neurological disorder, which was caused by his use of a motor vehicle as a *298 motor vehicle in 2007. Under these circumstances, we believe that the 2008 injury is simply too remote and too attenuated from the earlier use of a motor vehicle to permit a finding that the causal connection between the 2008 injury and the 2007 accident “is more than incidental, fortuitous, or ‘but for.’ ” Thornton, 425 Mich at 659.[5]
We reject plaintiffs argument that Scott v State Farm Mut Auto Ins Co, 278 Mich App 578; 751 NW2d 51 (2008), is relevant to this case. The Court of Appeals held in Scott that summary disposition was premature because the plaintiff had raised a genuine issue of material fact whether her hyperlipidemia occurred as a direct result of an injury she had received in an automobile accident or was attributable to other factors. That is, the issue was whether the evidence was sufficient to support a finding that the first injury caused the second injury in a direct way. In this case, plaintiff claims as fact that his spinal cord injury occurred as a result of the neurological disorder from the first accident in combination with the intervening motorcycle accident. The facts alleged by plaintiff are insufficient to support a finding that the first injury caused the second injury in any direct way. Rather, the facts alleged by plaintiff only support a finding that the first injury *299 directly caused the second accident, which in turn caused the second injury. Thus, the second injury alleged by plaintiff is too attenuated from the first accident to permit a finding that the second injury was directly caused by the first accident. Though we are troubled by Scott’s use of a causal-connection standard this Court has never recognized — that “[a]lmost any causal connection will do,” id. at 586 — it is nonetheless clearly distinguishable from this case because plaintiff admits that, absent the intervening motorcycle accident, his spinal cord injury would not have occurred as a direct result of the neurological disorder.
Because plaintiffs spinal cord injury had only this limited causal connection to the use of a motor vehicle in 2007, the injury did not arise out of the use of a motor vehicle for purposes of MCL 500.3105(1). Accordingly, the trial court erred by failing to grant Progressive summary disposition on that basis, and the Court of Appeals erred by affirming that decision. In lieu of granting Progressive’s application for leave to appeal, we reverse the judgment of the Court of Appeals and remand for entry of summary disposition in favor of Progressive.
Young, C.J., and Markman, Mary Beth Kelly, Zahra, and MCCORMACK, JJ., concurred.

 Plaintiff apparently anticipated that he could not recover no-fault benefits from the 2008 crash because a motorcycle is not a “motor vehicle” for purposes of the no-fault act, MCL 500.3101(2)(e), and none of the exceptions that allow recovery in an accident involving a parked motor vehicle seem applicable, see MCL 500.3106.

 McPherson v McPherson, unpublished opinion per curiam of the Court of Appeals, issued January 10, 2012 (Docket No. 299618). Progressive argued below that plaintiff could not recover first-party no-fault benefits because he had no insurance for his motorcycle. This was the basis for a Court of Appeals dissent. Progressive now concedes that there was, in fact, insurance for the motorcycle and has abandoned this argument.

 McPherson v McPherson, 493 Mich 853 (2012).

 Plaintiffs focus on the “causal genesis” of the injury is particularly misplaced. The question under Thornton is not whether the use of a motor vehicle constitutes the “causal genesis” of an injury, but whether the causal connection between the injury and the use of a motor vehicle as a motor vehicle is more than incidental, fortuitous, or “but for.” This not only requires that the motor vehicle be used “as a motor vehicle” in the incident that gives rise to the injury, hut also that the accidental bodily injury “aris[e] out of” that vehicular use.

 The dissent erroneously focuses on the existence of a causal connection between the “seizure” and the “fall,” rather than on the causal connection between the 2008 spinal cord injury and the 2007 accident. Post at 302 (“Because plaintiffs fall was an inextricable aspect of his seizure, I believe that plaintiff can satisfy MCL 500.3105(1).”). Although we agree with the dissent that for purposes of this appeal it is assumed as fact that plaintiffs second seizure and resultant fall came about as a result of the neurological disorder suffered in the first accident, it does not follow, as the dissent concludes, that “the 2008 injuries were an inextricable result of [plaintiffs] seizure disorder” as well. Post at 302 (emphasis added). Indeed, had plaintiff been in bed or on the couch when he had the seizure, the “inextricable” injury would not have occurred.