# Order

**Michigan Supreme Court**
**Lansing, Michigan**

November 13, 2015

Robert P. Young, Jr.,
Chief Justice

Stephen J. Markman
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen,
Justices

151026

KYLE OOSTDYK, a Minor, by his Conservator,
DAWN BUDD,
       Plaintiff-Appellee,
and

SPECTRUM HEALTH HOSPITALS, SPECTRUM
HEALTH CONTINUING CARE, MARY FREE
BED REHABILITATION HOSPITAL, and
GOLDEN RULE INSURANCE COMPANY,
       Intervening Plaintiffs-Appellees,

v

                                    SC: 151026
                                    COA: 317221
                                    Kalamazoo CC: 2010-000277-NF

AUTO OWNERS INSURANCE COMPANY,
       Defendant-Appellant.

_____/

On order of the Court, the application for leave to appeal the December 30, 2014 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court. The Court of Appeals erred by relying on the "almost any causal connection" standard of *Scott v State Farm Mut Auto Ins Co*, 278 Mich App 578, 586 (2008). The "almost-any" standard is discredited and inconsistent with current law to the extent it suggests a plaintiff may meet the statutory causation requirement without proving the causal connection was "more than incidental, fortuitous, or but for." See *McPherson v McPherson*, 493 Mich 294, 299 (2013). However, denial is warranted because the trial court correctly instructed the jury that under MCL 500.3105(1), the plaintiff had to prove the causal connection between the injury and the use of the motor vehicle was "more than incidental, fortuitous, or but for." See *Thornton v Allstate Ins Co*, 425 Mich 643, 646 (1986).



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

November 13, 2015



                                     Clerk

t1110