# STATE OF MICHIGAN

# COURT OF APPEALS

KENNETH W. CONNERS,

Plaintiff-Appellant,

v

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

Defendant-Appellee.

UNPUBLISHED
October 6, 2016

No. 326465
Kalamazoo Circuit Court
LC No. 2013-000495-NF

BRONSON HEALTH CARE GROUP INC., d/b/a
BRONSON METHODIST HOSPITAL,

Plaintiff-Appellant,

v

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

Defendant-Appellee.

No. 326480
Kalamazoo Circuit Court
LC No. 2014-000117-NF

Before: STEPHENS, P.J., and BECKERING and GLEICHER, JJ.

PER CURIAM.

In these consolidated appeals, plaintiffs appeal as of right the trial court order granting summary disposition pursuant to MCR 2.116(C)(10) in favor of defendant on plaintiffs' claims for personal protection insurance ("PIP") benefits under the no-fault act, MCL 500.3101 *et seq*. We affirm in part, reverse in part, and remand for further proceedings.

Plaintiff Kenneth W. Conners, a pedestrian, was struck by a motor vehicle on October 25, 2012. He was taken by ambulance to plaintiff Bronson Methodist Hospital ("Bronson"). He was diagnosed and treated for a right intertrochanteric hip fracture. Defendant paid PIP benefits for this initial treatment, which is not at issue on appeal. After his initial hospital stay, however, Conners required additional medical treatment for which he and Bronson now seek further PIP benefits. The trial court granted summary disposition in favor of defendant, ruling that plaintiffs

-1-

could not establish that the separate injuries for which they sought further PIP benefits arose out of the October 25, 2012 accident, as required under MCL 500.3105(1).

This Court reviews de novo a trial court's grant of summary disposition under MCR 2.116(C)(10). *Ernsting v Ave Maria College*, 274 Mich App 506, 509; 736 NW2d 574 (2007). "When deciding a motion for summary disposition under MCR 2.116(C)(10), a court must consider the pleadings, affidavits, depositions, admissions, and other documentary evidence submitted in the light most favorable to the nonmoving party." *Id*. at 509. "Summary disposition is proper under MCR 2.116(C)(10) if the documentary evidence shows that there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Id*. at 509-510. "A genuine issue of material fact exists when the record, giving the benefit of any reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds could differ." *Id*. at 510.

Pursuant to MCL 500.3105(1), a no-fault insurer is liable "to pay [PIP] benefits for accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle . . . ." There is no dispute that the October 25, 2012 motor vehicle accident was the result of the "use of a motor vehicle as a motor vehicle." Thus, the question is whether Conners's injuries at issue in these appeals arose out of the accident.[1]

As observed in *McPherson v McPherson*, 493 Mich 294, 297; 831 NW2d 219 (2013):

> Regarding the degree of causation between the injury and the use of a motor vehicle that must be shown, this Court has established that an injury arises out of the use of a motor vehicle as a motor vehicle when "the causal connection between the injury and the use of a motor vehicle as a motor vehicle is more than incidental, fortuitous, or 'but for.' " [Quoting *Thornton v Allstate Ins Co*, 425 Mich 643, 659; 391 NW2d 320 (1986).]

The trial court erred in granting summary disposition to defendant on plaintiffs' claims for PIP benefits for medical expenses incurred in treating the nonunion of Conners's intertrochanteric fracture.

At least for the purposes of this appeal, there is no dispute that the intertrochanteric fracture arose out of the October 25, 2012 motor vehicle accident. Indeed, defendant has already paid PIP benefits for Conners's initial treatment. The trial court treated the nonunion as a separate injury from the intertrochanteric fracture, which it found was caused by Conners's noncompliance with treatment recommendations. This ruling was in error for two reasons.

---

[1] We find no merit in Conners's claim that the trial court should have first analyzed his claims under MCL 500.3107 before analyzing the threshold inquiry required by MCL 500.3105(1). See, e.g., *Griffith ex rel Griffith v State Farm Mut Auto Ins Co*, 472 Mich 521, 526-527; 697 NW2d 895 (2005) (emphasis added) (holding that a no-fault insurer is *only* required to pay PIP benefits for injuries arising out of an automobile accident and that the requirements of MCL 500.3107 are "*in addition* to the requirement under MCL 500.3105(1)[.]").

First, the nonunion was simply the failure of Conners's intertrochanteric fracture (which arose from the accident) to heal properly. The intertrochanteric fracture was an accidental bodily injury arising out of a motor vehicle accident under MCL 500.3105(1). Thus, the "revision" surgery for that fracture was simply further treatment of the initial injury.

Second, even if the nonunion of the intertrochanteric fracture is treated as an independent, subsequent injury, plaintiffs have presented sufficient evidence to establish a question of fact whether its causal connection to the accident was more than incidental, fortuitous, or but for. In *McPherson*, 493 Mich at 298, the Supreme Court ruled that, if a plaintiff presents evidence sufficient to support a finding that the first injury caused the second injury in a direct way, summary disposition is inappropriate. Such is the case here. There is evidence in the record from which it may be inferred that the nonunion was the failure of Conners's intertrochanteric fracture to reunite properly. Absent the intertrochanteric fracture, there was no possibility of a nonunion—Conners's bone would have still been in one piece. The failure of this injury to heal is a direct result of the first injury. Unlike in *McPherson*, there is no evidence that the intertrochanteric fracture caused Conners to suffer a malady, which in turn caused another motor vehicle accident, which in turn resulted in the nonunion. Defendant points to evidence that Conners's noncompliance with treatment recommendations may have slowed the healing of the intertrochanteric fracture and contributed to the nonunion. However, plaintiffs are not required to establish that the motor vehicle accident was the only, or even proximate, cause of the nonunion. *Scott v State Farm Mut Auto Ins Co*, 278 Mich App 578, 586-587; 751 NW2d 51 (2008). Rather, they need only establish a causal connection to the accident that was more than incidental, fortuitous, or but for. *McPherson*, 493 Mich at 297. Viewed in the light most favorable to plaintiffs, evidence of such a causal connection exists because the "first injury" (the intertrochanteric fracture) caused the "second injury" (the nonunion) in a direct way. Accordingly, plaintiffs presented sufficient evidence to support a finding by a trier of fact that the nonunion of Conners's intertrochanteric fracture arose out of the October 25, 2012 motor vehicle accident. Thus, the trial court erred in granting summary disposition in favor of defendant as to the nonunion of the intertrochanteric fracture. *Ernsting*, 274 Mich App at 509-510.

The trial court also erred in granting summary disposition in favor of defendant on the grounds that plaintiffs could not establish a question of fact whether Conners's greater trochanter fracture, and its subsequent nonunion, arose from the October 25, 2012 motor vehicle accident. Defendant raised this issue in its brief in support of its motion for partial summary disposition. The court however, erred in deciding the issue because plaintiffs did not plea, nor argue, for PIP benefits related to this injury.

The trial court also erred in granting summary disposition in favor of defendant on plaintiffs' claims for PIP benefits related to Conners's altered mental status ("AMS") and fever suffered after his June 13, 2013 revision surgery.

Plaintiffs present evidence sufficient to establish a question of fact whether the causal connection between the motor vehicle accident and Conners's AMS and fever was more than incidental, fortuitous, or but for. Plaintiffs argue that the AMS and fever were the results of an adverse reaction to drugs given to Conners before and during the revision surgery, particularly Ativan. Viewing the evidence in the light most favorable to plaintiffs, but for the motor vehicle

accident, Conners would not have suffered the intertrochanteric fracture, which would have not failed to heal, which would not have required the revision surgery, which would not have required Conners taking Ativan, which would not have caused Conners's AMS and fever. Thus, assuming plaintiffs' contention that the medication caused Conners's AMS and fever is true, a question of fact exists regarding but-for causation. Despite defendant's argument to the contrary, the causal connection between the motor vehicle accident and Conners's AMS and fever is not too attenuated to satisfy the "arising out of" requirement of MCL 500.3105(1). Viewing the evidence in the light most favorable to, and as advocated by, plaintiffs, Conners's AMS and fever were direct results of the medication being used in an attempt to ameliorate Conner's "intermittent agitation" caused by medication and to return him to his pre-existing "baseline agitation." There is evidence in the record to suggest that this "intermittent agitation" was an aggravation of his "baseline agitation" which arose from surgeries that in turn arose from the October 25, 2012 motor vehicle accident. Viewing the evidence and the inferences drawn therefrom in the light most favorable to plaintiffs, Conners's AMS and fever were caused by medication that was being used to treat an injury that arose from the motor vehicle accident. Accordingly, the trial court erred in granting summary disposition to defendant on plaintiffs' claims for PIP benefits related to the treatment of Conners's AMS and fever suffered after the June 13, 2013 revision surgery. *Ernsting*, 274 Mich App at 509-510.

The trial court did not err however, in ruling that plaintiffs failed to present evidence sufficient to establish a question of fact whether the second greater trochanter fracture, the subcapital fracture, and Conners's foot pain arose out of the motor vehicle accident.

There is simply no evidence in the record to support that these three injuries bore a causal connection to the October 25, 2012 motor vehicle accident that was more than incidental, fortuitous, or but for. Indeed, there is no evidence to suggest that Conners would not have suffered these injuries but for the motor vehicle accident, or to suggest any causal relationship between these injuries and the accident, or the intertrochanteric fracture, or its subsequent nonunion. If there is no evidence to support even but-for causation, there can be no evidence, even when viewed in the light most favorable to plaintiffs, to support a causal connection of more than but-for, as required. Accordingly, to the extent plaintiffs seek PIP benefits for the second greater trochanter fracture, the subcapital fracture, or Conners's foot pain, the trial court did not err in granting summary disposition in favor of defendants. *Ernsting*, 274 Mich App at 509-510.

Conners last argues that the trial court erred in denying his second motion for reconsideration. Given our disposition to reverse in part the trial court's grant of summary disposition to defendant regarding plaintiffs' claims for PIP benefits related to the nonunion of Conners's intertrochanteric fracture, AMS and fever, we need not address the issue raised by Conners in his second motion for reconsideration. In all other aspects, the trial court's grant of summary disposition in favor of defendant is affirmed.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Cynthia Diane Stephens
/s/ Jane M. Beckering