*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

BASHIR MEHTAR,

       Plaintiff-Appellee,

v

FREMONT INSURANCE COMPANY,

       Defendant-Appellant,

and

MARIA LEEANAN DAILEY,

       Defendant.

UNPUBLISHED
June 2, 2022

No. 357086
Macomb Circuit Court
LC No. 2018-004846-NI

Before: BORRELLO, P.J., and SHAPIRO and HOOD, JJ.

PER CURIAM.

In this interlocutory appeal arising under Michigan's no-fault act, MCL 500.3101 *et seq.*, defendant, Fremont Insurance Company ("Fremont"), appeals by leave granted[1] the trial court order granting partial summary disposition to plaintiff, Bashir Mehtar, and awarding him attorney fees and penalty interest. This case asks two questions. First, we are asked whether the trial court erroneously granted partial summary disposition in favor of Mehtar because, as argued by Fremont, there are material questions of fact regarding the existence, extent, and causation of his claimed neck and back injuries. Second, assuming summary disposition was properly granted we must also review the trial court's award of penalty interest and attorney fees. We reverse the grant of summary disposition as to the injuries and therefore need not address the award of interest or fees. We remand for further proceedings.

---

[1] *Bashir Mehtar v Fremont Ins Co*, unpublished order of the Court of Appeals, entered July 23, 2021 (Docket No. 357086).

## I. BACKGROUND

This case arises from a November 26, 2017 automobile accident involving Mehtar and defendant Maria Leeanan Dailey, who is not a part of this appeal. Mehtar attempted to change lanes when he collided with Dailey who was traveling in the adjacent lane. Mehtar declined medical assistance at the scene and drove his vehicle home. The next day, however, Mehtar went to the emergency room and complained of pain in his right shoulder that radiated to his back, and difficulty breathing. Mehtar began treatment with various medical providers.

Mehtar applied for benefits with Fremont, his vehicle's first-party insurer, citing injuries to his "right shoulder/arm/neck." Initially, Fremont paid Mehtar's medical expenses. But Fremont also conducted undercover surveillance of Mehtar's activities, which the parties later stipulated to exclude as a discovery sanction, and which Fremont claims showed him performing activities he claimed he could not perform because of his accident-related injuries. Fremont had Mehtar undergo an insurance medical examination (IME) with Dr. Donald Garver. According to Dr. Garver, Mehtar did not have any ongoing injuries to his neck and shoulder. Dr. Garver's IME did not make a finding as to the condition of Mehtar's back. Fremont discontinued benefits based on the surveillance footage and the IME.

Mehtar then sued Fremont and Dailey. In relevant part, he sought PIP benefits under the terms of Fremont's no-fault insurance policy. Fremont moved for summary disposition, arguing Mehtar's actions in the surveillance video fell under the fraud exception to the policy. The trial court denied summary disposition and determined that Fremont could not use the surveillance evidence because of Fremont's failure to respond to Mehtar's discovery requests. Fremont applied for leave to appeal to this Court, which we denied.[2]

Mehtar then moved for partial summary disposition under MCR 2.116(C)(10), arguing Fremont failed to present sufficient evidence refuting his alleged neck and back injuries.[3] Mehtar also sought attorney fees and penalty interest under MCL 500.3148 and MCL 500.3142, respectively, for Fremont's alleged untimely and unreasonable delay in its coverage of his medical bills. The trial court granted Mehtar's motion, finding Fremont failed to show a genuine dispute of fact as to the alleged neck and back injuries. The trial court also awarded Mehtar attorney fees and penalty interest. Fremont again applied for leave to appeal, which we granted.

## II. SUMMARY DISPOSITION

Fremont argues the trial court erred when it granted Mehtar's partial motion for summary disposition. According to Fremont, Mehtar failed to show no genuine dispute of material fact as to the injuries to his neck and back. We agree.

---

[2] *Mehtar v Fremont Ins Co*, unpublished order of the Court of Appeals, entered November 4, 2020 (Docket No. 354373).

[3] At the hearing on Mehtar's motion for partial summary disposition, Mehtar's attorney acknowledged there was a factual dispute regarding Mehtar's shoulder injury and, thus, the motion only related to whether there was a dispute regarding Mehtar's alleged neck and back injuries.

-2-

## A. STANDARD OF REVIEW

This Court reviews de novo a trial court's decision on a motion for summary disposition. *El-Khalil v Oakwood Healthcare Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). A motion under MCR 2.116(C)(10) "tests the factual sufficiency of a claim." *Id*. at 160 (citation and emphasis omitted). In considering a motion under MCR 2.116(C)(10), the trial court "must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion." *Id*. (citation omitted). Such a motion "may only be granted when there is no genuine issue of material fact." *Id*. (citation omitted). "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ." *Id*. (quotation marks and citation omitted).

The moving party has the initial burden of supporting its claim for summary disposition under MCR 2.116(C)(10) with affidavits, depositions, admissions, or other documentary evidence. *AFSCME v Detroit*, 267 Mich App 255, 261; 704 NW2d 712 (2005) (citation omitted). Then, the burden shifts to the nonmoving party to show that there exists a genuine issue of disputed fact for trial. *Id*. (citation omitted). "To meet this burden, the nonmoving party must present documentary evidence establishing the existence of a material fact, and the motion is properly granted if this burden is not satisfied." *Id*. (citation omitted). "Affidavits, depositions, and documentary evidence offered in support of, and in opposition to, a dispositive motion shall be considered only to the extent that the content or substance would be admissible as evidence." *Id*. (citation omitted).

## B. LAW AND ANALYSIS

### 1. A QUESTION OF FACT EXISTS ON WHETHER MEHTAR'S INJURIES AROSE OUT OF THE MOTOR-VEHICLE ACCIDENT

MCL 500.3101(1) of the no-fault act, MCL 500.3101 *et seq*., states: "[T]he owner or registrant of a motor vehicle required to be registered in this state shall maintain security for payment of benefits under personal protection insurance and property protection insurance." "Under personal protection insurance an insurer is liable to pay benefits for accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle." MCL 500.3105(1). In his motion for partial summary disposition, Mehtar asserted that Fremont violated the strictures of the no-fault act when it refused to cover his medical expenses related to his alleged neck and back injuries arising from the accident. According to Mehtar, Fremont failed to present adequate evidence establishing there was a genuine dispute of fact regarding the nature of his alleged neck and back injuries. Fremont, on the other hand, argued there was a genuine issue of fact as to whether Fremont acted reasonably when it denied coverage for all the alleged injuries, including those to Mehtar's neck and back.

Mehtar's dispositive motion was premised on his contention that he was entitled to PIP benefits for alleged neck and back injuries arising from the accident. An injury "arises out of" a subject accident when there is a "causal connection between the injury and the use of a motor vehicle as a motor vehicle is more than incidental, fortuitous, or 'but for.' " *McPherson v McPherson*, 493 Mich 294, 297; 831 NW2d 219 (2013). To support his motion for summary disposition, Mehtar was required to present "affidavits, depositions, admissions, or other documentary evidence," *AFSCME*, 267 Mich App at 261, showing a causal connection between

his alleged neck and back injuries and the subject accident. A question of fact remains regarding causation.

The exhibits attached to Mehtar's motion contain a number of his medical records demonstrating injury, including two objective tests. His September 6, 2018 cervical spine MRI revealed: "Left paracentral disc protrusion type herniation at the C6-7 level, causing mild narrowing of the left lateral recess." An electromyography test performed September 26, 2018, documented "electrophysiological evidence of a left C6 radiculopathy." On October 9, 2018, Dr. Arvinder Dhillon opined Mehtar suffered "[c]ervicalgia/disc herniation." And a record dated November 8, 2018, states: "Patient presents for a follow up for neck and shoulder pain secondary to auto accident injuries." Finally, Mehtar included a record dated May 13, 2019, which indicated he had "pain in his neck . . . ."

Presumably, Mehtar included these records in his motion for partial summary disposition to show the existence of neck and lower back injuries arising from the accident, but a question of fact remains regarding the existence, extent, and cause of injuries, particularly the lower back injuries. At the threshold, we observe that, contrary to Mehtar's assertions that the records he submitted with his motion for summary disposition showed he was diagnosed with cervical *and* *lumbar* radiculopathy, we could find no diagnosis for lumbar injuries in the record.[4] Instead, each medical record presented to trial court only references injuries to his shoulder, cervical spine (neck), thoracic spine (middle back), or some combination. Katie Dauser, a claim specialist for Fremont, testified that she did not "have any indication that [Mehtar] had any complaints to his lumbar spine." During oral argument, Mehtar's counsel clarified that the Mehtar's injuries should have been characterized as back injuries, which included claimed injuries to the thoracic spine, including vertebrae that bordered on the lumbar spine.

Assuming Mehtar's records show such injuries, the conflict between Mehtar's records, the absence of medical records showing the existence of the injuries prior to the accident, and the opinions within the IME create an issue of material fact related to causation. Insurers need only pay PIP benefits for injuries "*arising out of* the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle." MCL 500.3105(1) (emphasis added). The November 8, 2018 medical record referenced the accident as a potential cause of Mehtar's pain, stating: "Patient presents for a follow up for neck and shoulder pain secondary to auto accident injuries." This record appears to satisfy the threshold showing to establish a causal connection between the accident and Mehtar's alleged neck injury. Because the evidence needed to be considered in a light most favorable to Fremont, *El-Khalil*, 504 Mich at 160, the trial court should have construed this evidence as at least presenting some ambiguity regarding the source of Mehtar's neck injury. Although Fremont did not put forward an alternative theory of causation or identify records in Mehtar's pre-accident medical records that would suggest other causes for the injuries, its IME injects sufficient uncertainty regarding causation for a genuine issue of material fact to remain.

---

[4] Exhibits 3, 4, and 5 of Mehtar's brief on appeal document treatment of the thoracic spine and at least one record that documents lower back pain, but these records were not part of the lower court record. It does not appear that these records were presented to the trial court prior to the decision on the motion for partial summary disposition.

Viewed together, the IME and Mehtar's medical records attached to the motion for partial summary disposition establish a question of fact as to whether his alleged neck injury arose out of the accident. Summary disposition is inappropriate where there remains a question of fact, and the trial court erred in finding otherwise. See, e.g., *Charter Twp of Shelby v Papesh*, 267 Mich App 92, 103; 704 NW2d 92 (2005).

## 2. A GENUINE ISSUE OF MATERIAL FACT EXISTED REGARDING THE EXISTENCE AND EXTENT OF MEHTAR'S INJURIES

As stated, once the moving party satisfies their burden under MCR 2.116(C)(10), "[t]he burden then shifts to the nonmoving party to demonstrate a genuine issue of disputed fact exists for trial." *AFSCME*, 267 Mich App at 261. This is done by presenting "documentary evidence establishing the existence of a material fact." *Id.* In opposition to Mehtar's motion for partial summary disposition, Fremont offered two pieces of evidence, Dr. Garver's IME and Dauser's deposition. In considering whether Fremont met its burden as the nonmoving party, the trial court considered the IME, but not Dauser's deposition. On appeal, Fremont only challenges the trial court's reasoning in regard to the IME and does not appear to contest the trial court's disregard of Dauser's deposition. Because there are two alleged injuries at issue, to the neck and to the back, we consider the evidence presented as to each separately.

With respect to the alleged injuries to Mehtar's neck, Dr. Garver's IME specifically examined Mehtar's neck, stating: "[Mehtar] has full range of motion of his neck with absolutely no limitation. There is a negative Spurling maneuver. He has no pain whatsoever from his neck, but he has point tenderness in the mid scapula . . . and in the superior border of the scapula." In the "impressions and conclusions" section of the IME, Dr. Garver wrote:

> [A]t this point I have nothing else to go on other than the fact that I do not find evidence to suggest that the occurrence of the rotator cuff tear of the right shoulder has any connection whatsoever and, in my opinion, has nothing to do with the automobile accident of 11/27/17. I do not believe that it caused any exacerbation of symptoms nor do I believe, at this point, that there is any reason for him to have treatment nor restrictions at work.

The impressions and conclusion section of the IME also stated that Mehtar had "full range of motion of his neck with no evidence of radiation of pain into the arms and he had a negative cervical compression test," which indicated "that there was nothing to suggest a radiculopathy." Although Dr. Garver's conclusions that there were no injuries may be questionable in light of the fact that Mehtar later had rotator cuff surgery and an MRI showing such injury, the IME did create a question of fact regarding the existence and extent of Mehtar's neck and shoulder injuries. In concluding Mehtar was entitled to summary disposition, the trial court found there was no genuine issue of material fact "as to the fact that the [IME] really concentrates on the range of motion for the shoulder and says that the shoulder doesn't have to have any further treatment." The trial court also found that the IME "misses completely the cervical and lumbar spine. . . . [I]t's clear that the [IME] is focusing only on the shoulder. So I've got to grant this."

On this basis, we conclude that trial court erroneously granted summary disposition in Mehtar's favor. Although the IME's conclusion section focused mostly on Mehtar's shoulder, it

included Dr. Garver's conclusion that Mehtar had full range of motion of his neck and there was nothing suggesting a radiculopathy. Thus, it cannot be said that Dr. Garver failed to reach a conclusion about Mehtar's alleged neck injury. Dr. Garver opined: "[Plaintiff] has no pain whatsoever from his neck." Evidence should be construed in a light most favorable to the nonmoving party. *El-Khalil*, 504 Mich at 160. But the trial court failed to consider the IME in a light most favorable to Fremont when it did not consider Dr. Garver's examination and conclusions regarding Mehtar's neck as creating a question of fact as to whether the accident caused an injury to Mehtar's neck. Thus, the trial court should not have granted summary disposition on this basis.

The alleged injury to Mehtar's back requires a different analysis. Dr. Garver's IME, which was also attached to Fremont's response opposing partial summary disposition, does not make any specific conclusions about Mehtar's back. At first blush, it appears Fremont failed to refute Mehtar's claims of injuries to his back. In fact, none of the medical records attached to Mehtar's motion for partial summary disposition even reference a diagnosed lumbar injury. We also note that Mehtar's application for benefits, which the parties did not include as an exhibit to their respective briefs relating to partial summary disposition,[5] cites Mehtar's alleged injuries as "right shoulder/arm/neck." Therefore, the burden never shifted from Mehtar, and Fremont was not responsible for presenting evidence to refute injuries to Mehtar's back. See *AFSCME*, 267 Mich App at 261. Back injuries—particularly to the thoracic spine—may have existed, but documentation of those injuries was largely absent from Mehtar's motion for summary disposition.[6] The absence of back injuries from Mehtar's benefits application and initial medical records may explain why the IME did not address such injuries. If there was no complaint, there was nothing for Dr. Garver to address. To the extent that the trial court relied on the omission of discussion of back injuries from the IME in granting summary disposition, it was error. Based on the records submitted to the trial court, questions of fact continue to exist regarding the existence and extent of the back injuries.

In sum, the trial court erred in granting Mehtar's motion for partial summary disposition because a question of fact exists as to whether the accident caused his injuries. The trial court also erred in considering the evidence as to Mehtar's alleged neck injury because it failed to view the evidence in a light most favorable to Fremont. A question fact exists as to the existence and extent of the neck and back injuries.[7]

## IV. CONCLUSION

---

[5] The application for benefits was an exhibit to Fremont's earlier motion for summary disposition and Mehtar's response in opposition.

[6] None of the attachments to Mehtar's partial motion for summary disposition relate to the thoracic or lumbar spine. There are passing references to the thoracic spine in other portions of the trial court record, including an exhibit to Mehtar's response to Fremont's motion for summary disposition and an exhibit to Mehtar's response to Dailey's motion for summary disposition.

[7] Having found that the trial court erred in granting summary disposition, it is unnecessary for us to address Fremont's argument that the trial court erroneously granted Mehtar's motion for attorney fees and penalty interest.

Reversed and remanded for further proceedings consistent with this opinion.  We do not retain jurisdiction.

/s/ Stephen L. Borrello
/s/ Douglas B. Shapiro
/s/ Noah P. Hood