*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

RONALD GIBSON, JR., Personal Representative of
the ESTATE OF RONALD GIBSON, SR.,

      Plaintiff-Appellee,

v

TRUMBULL INSURANCE COMPANY,

      Defendant-Appellant.

UNPUBLISHED
April 16, 2026
11:07 AM

No. 371675
Wayne Circuit Court
LC No. 22-009026-NF

Before: CAMERON, P.J., and BORRELLO and SWARTZLE, JJ.

PER CURIAM.

Plaintiff[1] was involved in a single-car automobile accident and sued defendant for breach of contract and violation of statutory duties by failing to pay no-fault benefits. Defendant moved for summary disposition arguing that plaintiff was not entitled to no-fault benefits because his injuries did not arise out of the operation of the motor vehicle but rather resulted from a ruptured aneurysm. After considering the evidence, including expert testimony submitted by plaintiff, the trial court denied defendant's motion for summary disposition, finding that there was a genuine issue of material fact regarding causation. We affirm.

## I. BACKGROUND

Plaintiff was driving his vehicle at Henry Ford Hospital to pick up his wife when he hit a gate, ran over signs, and collided with a concrete barrier in the hospital's parking lot. A computed tomography (CT) scan of his brain revealed a large temporal intracranial hemorrhage, which required decompression surgery. During surgery, doctors observed a large hematoma in plaintiff's brain and a partially thrombosed aneurysm; however, no blood flowed to the dome of the

---

[1] The original lawsuit and appeal in this case were filed before Gibson, Sr.'s death. For the sake of consistency, we will use the term "plaintiff" to refer to Gibson Sr. or his estate.

aneurysm. In addition to surgery, plaintiff required an extensive hospital stay and accumulated significant medical bills.

Plaintiff sought coverage from his no-fault insurer, defendant, and eventually sued defendant for breach of contract and for violating statutory duties by failing to pay no-fault benefits under the no-fault act, MCL 500.3101 *et seq*. Defendant moved for summary disposition under MCR 2.116(C)(10), arguing that plaintiff was not entitled to no-fault benefits because his injuries resulted from a ruptured aneurysm, not from the operation of a motor vehicle. Defendant in its motion relied on the security officer's incident report and plaintiff's hospital records, which included a diagnosis of a "nontraumatic intracranial hemorrhage." Defendant denied plaintiff's claim because an expert neurosurgeon opined that the ruptured aneurysm was not traumatically induced or accident related; this evidence was not, however, submitted as an exhibit to the motion. Defendant argued that plaintiff was "unable to point to any medical expert who will opine the injuries were causally related to the accident."

In response to defendant's motion, plaintiff submitted expert testimony from a doctor who "looked at the car picture" of the accident and reviewed plaintiff's medical records, which included reports of "airbag deployment," "head trauma against unknown object," and extrication. The doctor rejected the possibility that the aneurysm found during the surgery caused the hematoma or collision because the aneurysm did not appear on the computed tomography angiography (CTA) scan of plaintiff's brain and there was no blood flow through the dome of the aneurysm. Further, the doctor opined that plaintiff suffered head trauma during the accident and that "the overwhelming weight of the evidence support[ed] the fact that this was a traumatic hematoma." The doctor also stated that visible head trauma is not always present when a patient suffers from a hematoma like plaintiff's. Defendant argued in reply that the doctor's opinion was "little more than a guess" because he did not observe the collision and medical records indicated that plaintiff had no apparent signs of trauma. Defendant also claimed that plaintiff's expert relied on incorrect information because the doctor testified that there was airbag deployment when photographs of the vehicle showed no evidence of airbag deployment.

The trial court examined the evidence in the light most favorable to plaintiff, held that the doctor's testimony established a genuine issue of material fact regarding causation, and denied defendant's motion for summary disposition. The trial court reasoned that the level of contact with the cement wall, what the contact caused, and the ultimate outcome were issues of fact for the jury. Defendant then appealed by leave granted.[2]

## II. ANALYSIS

On appeal, defendant argues that the trial court erred in denying its motion for summary disposition. We review de novo the trial court's decision on defendant's motion for summary disposition. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). Defendant's motion for summary disposition under MCR 2.116(C)(10) should have been granted

---

[2] *RG v Trumbull Ins Co*, unpublished order of the Court of Appeals, entered December 17, 2024 (Docket No. 371675).

-2-

if, when considering the evidence in the light most favorable to plaintiff, there was no genuine issue of material fact. *Id*. at 160. "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ." *Id*. Once defendant establishes factual support for its motion, the burden shifts to plaintiff to present documentary evidence establishing the existence of a material factual dispute. *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996).

Under MCL 500.3105(1) of the no-fault act, an insurer is liable "to pay benefits for accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle." "An injury arises out of the use of a motor vehicle as a motor vehicle when the causal connection between the injury and the use of a motor vehicle as a motor vehicle is more than incidental, fortuitous, or but for." *McPherson v McPherson*, 493 Mich 294, 297; 831 NW2d 219 (2013) (cleaned up). An insurer is not liable for no-fault benefits when the motor vehicle is "merely the situs of injury." *Kemp v Farm Bureau Gen Ins Co of Mich*, 500 Mich 245, 262; 901 NW2d 534 (2017).

The trial court properly denied defendant's motion for summary disposition because plaintiff presented evidence establishing the existence of a material factual dispute through its expert testimony. Defendant may have initially presented enough factual support for its motion by referencing medical records and arguing that there were no other signs of trauma. But when the burden then shifted to plaintiff, plaintiff established a genuine issue of material fact that plaintiff's injuries resulted from the collision rather than a medical emergency.

The doctor's testimony established a reasonable inference that the hematoma surrounding plaintiff's brain was caused by head trauma sustained during the automobile collision with the concrete barrier, rather than by the aneurysm in his brain rupturing prior to the accident and causing the collision. Plaintiff's expert rejected the possibility that the aneurysm discovered during surgery caused the collision because the aneurysm did not appear on the CTA scan, referencing the surgical notes. He explained that a CTA scan displays blood flow within the brain; therefore, if the aneurysm did not appear on the CTA scan, it meant no blood was flowing through it, and without blood flow, it could not have bled and caused the hematoma, which in turn would not have caused the collision. Thus, viewing this evidence in the light most favorable to plaintiff, the doctor's testimony undermines defendant's theory that plaintiff's aneurysm bled prior to the accident and caused the collision. In turn, this evidence helps create a genuine issue of material fact as to whether plaintiff's hematoma resulted from head trauma when his vehicle collided with the concrete wall, rather than the collision resulting from a medical emergency.

On appeal, defendant argues that the doctor's expert opinion is speculative and factually unsupported. The doctor's opinion that plaintiff likely struck his head on some part of his vehicle during the collision was based on plaintiff's medical records, which included an indication that the airbags deployed and plaintiff suffered head trauma, and a picture of the car, which presumedly showed the outer damage of the vehicle. Even if the airbags did not deploy, the expert and a jury could reasonably infer from the evidence, including the pictures of the vehicle and concrete barrier, that plaintiff suffered some form of head trauma during the collision; a jury is "expected to apply their common experience in assessing facts." *Genna v Jackson*, 286 Mich App 413, 424; 781 NW2d 124 (2009) (cleaned up). And although the evidence that defendant produced indicated that plaintiff exhibited no external signs of trauma, the doctor opined that plaintiff could have

suffered from a hematoma without external indication. The doctor's testimony provided a reasonable inference that plaintiff's hematoma resulted from trauma sustained during the collision and created a material factual dispute.

Lastly, defendant essentially argues that the doctor's testimony is less credible because the doctor stated that plaintiff was noted to have a bruise when the medical records did not include such observation. Experts are allowed to use their professional experience in determining what evidence to review in forming their opinion. See MRE 703 (stating that "[a]n expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed"); *Green v Jerome-Duncan Ford, Inc*, 195 Mich App 493, 498-499; 491 NW2d 243 (1992) (holding that an expert witness "must have an evidentiary basis for his own conclusions," but not that an expert witness must review every piece of evidence in a given case). Although an expert's opinion cannot be "based on assumptions that are contrary to the facts in evidence," the inaccurate or contrary evidence must contribute to the basis of the opinion. See *People v Unger*, 278 Mich App 210, 248; 749 NW2d 272 (2008).

Here, the expert's ultimate opinion did not rely on plaintiff having a bruise but that plaintiff "suffered a motor vehicle accident" which required plaintiff to be extricated from the car. The expert's opinion did not conflict with "facts in evidence" but rather conflicted with the hospital's conclusion that plaintiff's injury was nontraumatic, which is a question of causation. There was enough evidence, including the medical records and pictures of the accident, for plaintiff's expert to form a basis and opine that plaintiff's accident caused the head trauma, thereby creating a genuine issue of factual causation. See *Skinner v Square D Co*, 445 Mich 153, 164-165; 516 NW2d 475 (1994). Additionally, an expert's credibility is a consideration for the jury, not a dispositive issue in considering a motion for summary disposition. *Wilson v Stilwill*, 411 Mich 587, 599; 309 NW2d 898 (1981); see also *Burkhardt v Bailey*, 260 Mich App 636, 647; 680 NW2d 453 (2004) (holding that the trial court "may not resolve factual disputes or determine credibility in ruling on a summary disposition motion").

## III. CONCLUSION

Ultimately, the trial court did not err in denying defendant's motion for summary disposition because plaintiff established a question of fact regarding causation through the evidence he presented.

Affirmed.

/s/ Thomas C. Cameron
/s/ Stephen L. Borrello
/s/ Brock A. Swartzle

-4-