*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JAMIL BARASH,

       Plaintiff-Appellant,

and

EUPHRATES PHYSICAL THERAPY AND
REHAB, INC.,

       Intervening Plaintiff,

v

JOSEPH J. KOLAR and DILISIO CONTRACTING,
INC.,

       Defendants-Appellees,

and

SAFECO INSURANCE COMPANY,

       Defendant.

UNPUBLISHED
June 23, 2022

No. 357578
Macomb Circuit Court
LC No. 2018-009702-NF

Before: LETICA, P.J., and K. F. KELLY and RIORDAN, JJ.

PER CURIAM.

      Plaintiff appeals as of right from the order dismissing defendant, Safeco Insurance Company (Safeco),[1] in this third-party automobile negligence action. He challenges the trial court's underlying order granting summary disposition to defendants, DiLisio Contracting, Inc. (DiLisio) and Joseph J. Kolar (Kolar) (hereinafter "defendants"), premised on the conclusion that

---

[1] Safeco was dismissed with prejudice. Additionally, Euphrates Physical Therapy and Rehab, LLC, intervened, but was later dismissed. They are not parties to this appeal.

-1-

plaintiff did not suffer a serious impairment of body function under Michigan's no-fault act, MCL 500.3101 *et seq.*, arising from defendants' negligence. We affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

On July 25, 2016, plaintiff, then 76 years old, was waiting at a bus stop that was near the site of a construction zone. He was concerned that the bus driver would not see him because of the construction occurring in the area.[2] Plaintiff walked into the street and stood there for approximately three minutes when he was hit by a tractor trailer (truck) owned by DiLisio and driven by Kolar. Specifically, Kolar did not see plaintiff behind the truck and placed the truck in reverse. The truck bumped into plaintiff, causing him to roll over, fall on his knees, and incur abrasions. Plaintiff informed the emergency department staff that "the truck barely bumped into him but he lost his balance and fell to the ground." When transported to the hospital, plaintiff complained of pain to his left side and ribs, and the ambulance report indicated plaintiff had "no obvious injury" and was "ambulatory on scene[.]" Radiographic imaging taken in the emergency department immediately after the accident indicated various degenerative changes in plaintiff's spine, but found no evidence of fracture or acute injury.

Plaintiff filed suit against defendants, asserting a claim of negligence against Kolar and claims of statutory liability for negligent operation of its vehicle and vicarious liability against DiLisio. Defendants moved for summary disposition under MCR 2.116(C)(10), asserting that plaintiff could not meet the threshold requirement of MCL 500.3135(1)[3] and demonstrate a serious impairment of an important body function. In support of the motion, defendants submitted three independent medical examinations (IMEs) which indicated that plaintiff had extensive degenerative problems before the accident and concluded that plaintiff's complaints were not related to the accident, but to plaintiff's preexisting conditions. It was alleged that plaintiff's medical records following the accident did not support evidence of fracture but confirmed degenerative changes and arthritis in plaintiff's complaint areas.

Defendants also submitted a surveillance video of plaintiff recorded in May 2019. This video showed plaintiff leaving his house, sorting his mail, and walking to a bus stop. As he waited for the bus for over thirty minutes, plaintiff walked near the area of the bus stop and did not stand in one place for an extended time period. Plaintiff did not appear to be in pain, strained, or labored as he walked, and his gait appeared relatively stable. He had no apparent difficulty boarding or exiting the bus. Defendants alleged plaintiff's claimed impairments were not attributable to the

---

[2] In his deposition, plaintiff denied that he was asked to leave the area before the accident by the police. However, plaintiff admitted that he received a citation from the police arising from the accident, and he paid the fine. Indeed, the investigating detective issued a citation to plaintiff, concluding that plaintiff was at fault. Kolar was not issued a citation.

[3] Plaintiff's accident occurred on July 25, 2016, and his complaint was filed on September 19, 2018. MCL 500.3135 was amended by 21 PA 2019 and 22 PA 2019, both effective June 11, 2019. The parties do not allege that the amendments have any application to this litigation. Accordingly, our reference to MCL 500.3135 is to the text in effect at the time of the accident and when the complaint was filed.

accident because plaintiff's medical records indicated he suffered from the same ailments before the accident. Indeed, before the accident, plaintiff purportedly required assistance with daily living and had difficulty with his balance.

In opposition to defendants' motion, plaintiff claimed that he suffered a serious impairment of body function from the accident, which was objectively manifested and apparent in his imaging tests taken after the accident. Plaintiff submitted deposition testimony that he walked and rode his bike for long distances before the accident, but could no longer do so. Additionally, he asserted that he was no longer able to meet with friends to play cards because of his shaking hands. Plaintiff alleged that he obtained treatment after the accident for injuries to his shoulders, neck, back, knees, and hands. He had surgery on both knees after the accident. Plaintiff's daughter also testified that plaintiff was unable to leave the house without his cane and walk following the accident.

The trial court granted defendants' motion for summary disposition. The trial court examined plaintiff's extensive medical records before and after the accident and noted plaintiff's imaging studies did not reveal any acute injury to either knee until 2018. The trial court further cited to the imaging of plaintiff's shoulders, back, and neck which showed only degenerative changes after the accident, and that plaintiff received in-home physical therapy before the accident. Plaintiff's need for assistance with daily living before the accident was also referenced. Ultimately, the trial court concluded that plaintiff did not establish a genuine issue of material fact regarding whether he suffered an objectively manifested impairment arising from the accident.

Plaintiff moved for reconsideration, attaching additional medical records to his motion showing he sought treatment within weeks of the accident. Plaintiff submitted that the trial court ignored the objective changes in plaintiff's imaging studies before and after the accident. Furthermore, plaintiff claimed that he was an "eggshell plaintiff," because he suffered from degenerative body changes in the years preceding the accident. The trial court denied plaintiff's motion for reconsideration and declined to consider additional evidence that was available, but not submitted, in opposition to the dispositive motion. Nonetheless, the trial court reaffirmed that this evidence did not meet the threshold for serious impairment because it failed to demonstrate "any changes in [p]laintiff's conditions following the accident." Plaintiff appeals.

## II. STANDARD OF REVIEW

A trial court's ruling on a motion for summary disposition is reviewed de novo. *Houston v Mint Group, LLC*, 335 Mich App 545, 557; 968 NW2d 9 (2021). Summary disposition is appropriate under MCR 2.116(C)(10) where there is "no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." MCR 2.116(C)(10). When reviewing a motion for summary disposition challenged under MCR 2.116(C)(10), the court considers the affidavits, pleadings, depositions, admissions, and other admissible documentary evidence then filed in the action or submitted by the parties in the light most favorable to the nonmoving party. MCR 2.116(G)(4), (G)(5); *Buhl v City of Oak Park*, 507 Mich 236, 242; 968 NW2d 348 (2021). We review the trial court's decision on a motion for reconsideration for an abuse of discretion. *St John Macomb Oakland Hosp v State Farm Mut Auto Ins Co*, 318 Mich App 256, 261; 896 NW2d 85 (2016). The trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes. *Id.*

-3-

## III. ANALYSIS

Plaintiff contends that the trial court erred in granting defendants' motion for summary disposition because the evidence, when viewed in a light most favorable to plaintiff, presented a genuine issue of material fact addressing whether plaintiff suffered an objectively manifested impairment. We disagree.

"A person remains subject to tort liability for noneconomic loss caused by his or her ownership, maintenance, or use of a motor vehicle only if the injured person has suffered death, serious impairment of body function, or permanent serious disfigurement." MCL 500.3135(1). "Serious impairment of body function" is defined as "an objectively manifested impairment of an important body function that affects the person's general ability to lead his or her normal life." MCL 500.3135(5). The question whether an injured party has suffered a serious impairment presents a question of law for the court if there is no factual dispute surrounding the nature and extent of the person's injuries or any factual dispute is immaterial to determining whether the standard was met. MCL 500.3135(2)(a); *McCormick v Carrier*, 487 Mich 180, 190-191; 795 NW2d 517 (2010).

The plain and unambiguous language of the statute contains three requirements that are necessary to establish a serious impairment of body function: "(1) an objectively manifested impairment (2) of an important body function that (3) affects the person's general ability to lead his or her normal life." *McCormick*, 487 Mich at 194-195. "Objectively manifested" is "an impairment that is evidenced by actual symptoms or conditions that someone other than the injured person would observe or perceive as impairing a body function." *Id.* at 196. The term "impairment" relates to the impact of damage that arises from an injury. *Id.* at 197. When addressing impairment, the focus is not on the injuries, but on how the injuries affected a particular body function. *Id.* A plaintiff must introduce evidence demonstrating a physical basis for his subjective complaints of pain and suffering, and this showing generally requires medical documentation. *Id.* at 198. Important body function refers to a function of significance and will vary depending on the person. *Id.* at 199. Therefore, the inquiry regarding an important body function is "an inherently subjective inquiry that must be decided on a case-by-case basis, because what may seem to be trivial body function for most people may be subjectively important to some, depending on the relationship of that function to the person's life." *Id.*

"[T]he aggravation or triggering of a preexisting condition can constitute a compensable injury." *Fisher v Blankenship*, 286 Mich App 54, 63; 777 NW2d 469 (2009). Despite the existence of a preexisting condition, recovery may be allowed if the trauma caused by the accident triggered symptoms from that condition. *Wilkinson v Lee*, 463 Mich 388, 395; 617 NW2d 305 (2000). However, a causal connection between injuries may be too attenuated in light of the passage of time and intervening events. See e.g., *McPherson v McPherson*, 493 Mich 294, 298-299; 831 NW2d 219 (2013).

In granting summary disposition, the trial court concluded that plaintiff failed to demonstrate an objectively manifested impairment as a matter of law. Indeed, the parties did not dispute the nature of plaintiff's impairments. However, plaintiff submits that the trial court failed to recognize that either the accident caused plaintiff's impairments or plaintiff's preexisting impairments were exacerbated by the accident. Nonetheless, plaintiff was required to demonstrate

whether an objectively manifested impairment was "caused by his or her ownership, maintenance, or use of a motor vehicle." MCL 500.3135(1).

A review of plaintiff's medical records reveals that he suffered from extensive medical complaints dating back to the early 1990s, and plaintiff reported the same complaints to his shoulder, back, neck, and knees following the accident. Treatments that he received prior to the accident, such as physical therapy, were also administered after the accident. However, although some of the medical reports reflected that plaintiff reported his involvement in a pedestrian-vehicular accident, there was no commensurate determination by the treating physicians that the condition plaintiff experienced was caused by or preexisting and aggravated as a result of the accident. That is, plaintiff failed to present medical evidence to support the exacerbation of preexisting conditions. In contrast, defendants submitted three IMEs all indicating plaintiff's impairments were not the result of the accident, but of degenerative diseases. Defendants' IMEs also rejected the argument that plaintiff's impairments were exacerbated by the accident. One examiner concluded that plaintiff likely suffered contusions from being bumped by the truck, but found that, "[a]ll of the diagnoses related to the motor vehicle accident, contusions and abrasions have resolved and are no longer supported by objective findings." In October 2017, this examiner further concluded that there was no treatment needed for injuries sustained as a result of the accident in question. In contrast, the MRI results upon which plaintiff relied to show the exacerbation of his medical conditions after the accident were taken three years after the accident, and after plaintiff suffered additional falls and injuries.

Plaintiff's reliance on imaging test results from three years after the accident showing impairments ignores the impact of the passage of time and intervening events on injury and causation. See *McPherson*, 493 Mich at 298-299. Plaintiff failed to correlate his impairments to the accident as opposed to degenerative issues necessarily exacerbated by the passage of time, particularly when plaintiff suffered various falls and injuries between the accident and the imaging on which he relies.

In response to defendants' motion for summary disposition, plaintiff was required to provide the trial court with evidence to create a genuine issue of material fact regarding serious impairment, and failed to do so. When opposing a motion for summary disposition, a party must present more than conjecture and speculation to meet the burden of providing evidentiary proof to establish a genuine issue of material fact. *Meisner Law Group, PC v Weston Downs Condo Ass'n*, 321 Mich App 702, 723; 909 NW2d 890 (2017). "Mere speculation or conjecture is insufficient to establish reasonable inferences of causation." *Sniecinski v Blue Cross & Blue Shield of Mich*, 469 Mich 124, 140; 666 NW2d 186 (2003). Plaintiff did not provide any testimony to refute the opinions of defendants' experts, and failed to introduce any evidence, which could attribute plaintiff's impairments, new or exacerbated, to the accident. Simply put, plaintiff failed to present documentary evidence to support that his medical conditions or the aggravation of existing medical conditions was caused by the ownership, maintenance, or use of a motor vehicle as opposed to

degeneration caused by the aging process. The trial court did not err in granting defendants' motion for summary disposition.[4]

Affirmed.

/s/ Anica Letica
/s/ Kirsten Frank Kelly
/s/ Michael J. Riordan

---

[4] Plaintiff also alleged that the trial court rendered subjective findings of fact addressing the impact of plaintiff's injuries on his life and inappropriately applied an incorrect standard to the objective manifestation of injury inquiry. Our review of the trial court's decision does not comport with plaintiff's argument. Rather, the trial court examined and summarized plaintiff's medical records and deposition testimony then concluded that this evidence failed to correlate plaintiff's impairments or aggravation of injuries to the accident. Finally, plaintiff does not separately contest the trial court's denial of his motion for reconsideration and reaffirmance of the grant of summary disposition.