LANDIN V HEALTHSOURCE SAGINAW, INC, No. 149663; reported below: 305 Mich App 519. On order of the Court, leave to appeal having been granted and the briefs and oral arguments of the parties having been considered by the Court, we vacate our order of April 3, 2015. The application for leave to appeal the June 3, 2014 judgment of the Court of Appeals is denied, because we are no longer persuaded that the questions presented should be reviewed by this Court.

PEOPLE V WOOTEN, No. 149917; Court of Appeals No. 314315. On November 4, 2015, the Court heard oral argument on the application for leave to appeal the June 26, 2014 judgment of the Court of Appeals. On order of the Court, the application is again considered, and it is denied, because we are not persuaded that the questions presented should be reviewed by this Court.

CULLUM V LOPATIN, No. 149955; Court of Appeals No. 313739. On November 5, 2015, the Court heard oral argument on the application for leave to appeal the July 10, 2014 judgment of the Court of Appeals. On order of the Court, the application is again considered, and it is denied, because we are not persuaded that the questions presented should be reviewed by this Court.

PEOPLE V BRIAN EVANS, No. 150969; Court of Appeals No. 317577.

OOSTDYK V AUTO OWNERS INS CO, No. 151026; Court of Appeals No. 317221. On order of the Court, the application for leave to appeal the December 30, 2014 judgment of the Court of Appeals is considered, and it is denied, because we are not persuaded that the question presented should be reviewed by this Court. The Court of Appeals erred by relying on the "almost any causal connection" standard of *Scott v State Farm Mut Auto Ins Co*, 278 Mich App 578, 586 (2008). The "almost-any" standard is discredited and inconsistent with current law to the extent it suggests a plaintiff may meet the statutory causation requirement without proving the causal connection was "more than incidental, fortuitous, or but for." See *McPherson v McPherson*, 493 Mich 294, 299 (2013). However, denial is warranted because the trial court correctly instructed the jury that under MCL 500.3105(1), the plaintiff had to prove the causal connection between the injury and the use of the motor vehicle was "more than incidental, fortuitous, or but for." See *Thornton v Allstate Ins Co*, 425 Mich 643, 646 (1986).