*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

REBA LAPOINTE,

　　　　　Plaintiff-Appellee,

v

KAYLA CHRISTINE ROJO,

　　　　　Defendant,

and

MEMBERSELECT INSURANCE COMPANY,

　　　　　Defendant-Appellant.

UNPUBLISHED
December 29, 2022

No. 359431
Wayne Circuit Court
LC No. 19-016454-NI

Before: M. J. KELLY, P.J., and MURRAY and RIORDAN, JJ.

PER CURIAM.

In this no-fault personal protection insurance (PIP) action, defendant MemberSelect Insurance Company (hereinafter MemberSelect) appeals by leave granted[1] the trial court's order denying MemberSelect's motion for summary disposition. We reverse and remand for further proceedings.

On May 6, 2019, plaintiff was driving her leased 2019 Equinox (insured by MemberSelect) when she was in a motor vehicle accident. In June 2019, plaintiff started suffering from dizziness and vertigo, which her doctors attributed to a postconcussion syndrome, which in turn was something she developed because of her motor vehicle accident. In November 2019, plaintiff walked out the front door of her condominium onto her front porch; she fell from her porch and fractured her ankle. Plaintiff attributes her fall from the porch to a dizzy spell, and she attributes her dizzy spells to the car accident. Plaintiff had to have surgery on her ankle and incurred other medical expenses relating

---

[1] *Reba LaPointe v Kayla Christine Rojo*, unpublished order of the Court of Appeals, entered March 17, 2022 (Docket No. 359431).

to her ankle injury. MemberSelect rejected plaintiff's claim for medical expenses related to her fractured ankle.

As a result, plaintiff filed her complaint alleging that she was entitled to PIP benefits for her ankle injury. MemberSelect eventually filed a motion for summary disposition pursuant to MCR 2.116(C)(10), which only addressed the claims related to plaintiff's ankle injury. MemberSelect argued that because plaintiff's ankle injury was caused by her fall from the porch, her ankle injury is too far removed from the motor vehicle accident to satisfy the "arising out of the ownership, operation, maintenance or use of a motor vehicle" language of MCL 500.3105(1). After a hearing, the trial court rejected this argument and entered an order denying MemberSelect's motion for summary disposition.

This Court reviews "de novo a trial court's decision on a motion for summary disposition." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). MemberSelect brought its motion for summary disposition under MCR 2.116(C)(10), which "tests the factual sufficiency of a claim." *Id*. at 160. A motion under MCR 2.116(C)(10) "may only be granted when there is no genuine issue of material fact." *Id*. When considering a motion under MCR 2.116(C)(10), "a trial court must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion." *Id*.

MCL 500.3105(1) states, "[u]nder personal protection insurance an insurer is liable to pay benefits for accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle, subject to the provisions of this chapter." Plaintiff argues that she is entitled to PIP benefits for her broken ankle. However, even viewing the evidence in the light most favorable to plaintiff, there is no genuine issue of material fact concerning whether plaintiff's ankle fracture arose out of the "ownership, operation, maintenance or use of a motor vehicle as a motor vehicle." *Id*.

*McPherson v McPherson*, 493 Mich 294; 831 NW2d 219 (2013), controls. In that case, the "[p]laintiff developed a neurological disorder as a result of injuries sustained in a 2007 motor vehicle accident." *Id*. at 295. In 2008, the plaintiff suffered a "seizure consistent with that [neurological] disorder" while driving his motorcycle; he lost control of his vehicle, getting into another motor vehicle accident. *Id*. The plaintiff severely injured his spinal cord in the 2008 motor vehicle accident but did not claim he was entitled to PIP benefits for his spinal cord injury as a result of the 2008 motor vehicle accident. *Id*. at 295-296. Instead, he "claimed that he was entitled to no-fault benefits for the spinal cord injury as a result of the *2007* incident," claiming that his injury arose out of the earlier accident "for the purposes of MCL 500.3105(1)." *Id*. at 296.

The Court emphasized that under the applicable standard for causation, "an injury arises out of the use of a motor vehicle as a motor vehicle when the causal connection between the injury and the use of a motor vehicle as a motor vehicle is more than incidental, fortuitous, or 'but for.' " *Id*. at 297, quoting *Thornton v Allstate Ins Co*, 425 Mich 643, 659; 391 NW2d 320 (1986) (quotation marks omitted). The Court then concluded that there was not enough of a causal connection between the 2007 accident and the plaintiff's spinal cord injury to meet the "arising out of" requirement, reasoning:

> Plaintiff did not injure his spinal cord while using the vehicle in 2007. Rather, he injured it in the 2008 motorcycle crash, which was caused by his seizure, which was caused by his

neurological disorder, which was caused by his use of a motor vehicle as a motor vehicle in 2007. Under these circumstances, we believe that the 2008 injury is simply too remote and too attenuated from the earlier use of a motor vehicle to permit a finding that the causal connection between the 2008 injury and the 2007 accident is more than incidental, fortuitous, or 'but for.' [*Id*. at 297-298 (quotation marks and citation omitted).]

The Court further explained its reasoning in a footnote, stating:

The dissent erroneously focuses on the existence of a causal connection between the 'seizure' and the 'fall,' rather than on the causal connection between the 2008 spinal cord injury and the 2007 accident. Although we agree with the dissent that for purposes of this appeal it is assumed as fact that plaintiff's second seizure and resultant fall came about as a result of the neurological disorder suffered in the first accident, it does not follow, as the dissent concludes, that 'the 2008 injuries were an inextricable result of [plaintiff's] seizure disorder' as well. Indeed, had plaintiff been in bed or on the couch when he had the seizure, the 'inextricable' injury would not have occurred. [*Id*. at 298 n 5 (citations omitted).]

In both *McPherson* and this case, a second incident caused the relevant injury. Here, plaintiff did not injure her ankle in the motor vehicle accident; she suffered head trauma that arguably led to dizziness and vertigo, which then arguably led to a second incident (plaintiff falling off her porch), which in turn caused her ankle injury. Under *McPherson*, there is not a sufficient connection between the ankle injury and the motor vehicle accident.[2]

While the trial court may have been correct in concluding that questions of fact remain regarding whether plaintiff's dizziness and vertigo constituted a contributing factor in plaintiff falling off the porch and whether plaintiff's dizziness and vertigo were caused by the car accident, these are not genuine issues of *material* fact. Even if plaintiff's fall was caused by dizziness and vertigo, and dizziness and vertigo were caused by her car accident, her car accident would not be more than an incidental, fortuitous, or "but for" cause of her ankle injury. Therefore, plaintiff's ankle injury did not "arise out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle" pursuant to MCL 500.3105(1).

Plaintiff attempts to distinguish *McPherson* by arguing that her fall was a direct symptom of the head injury she sustained in the car accident, stating that "[w]hereas the plaintiff in *McPherson* did not suffer an injury that would directly case [sic] motorcycle collisions, [plaintiff] did suffer an injury that would directly cause falls." We are not convinced. Much like how the motorcycle accident in *McPherson* would not have happened if the plaintiff had been lying in bed, plaintiff's

---

[2] *Scott v State Farm Mut Auto Ins Co*, 278 Mich App 578; 751 NW2d 51 (2008), is distinguishable because, unlike in *Scott*, a second accident produced plaintiff's injury; absent plaintiff's fall from the porch, she would not have injured her ankle. In addition, *Scott* relied on the "almost any causal connection" standard, which "is discredited and inconsistent with current law to the extent it suggests a plaintiff may meet the statutory causation requirement without proving the causal connection was 'more than incidental, fortuitous, or but for.' " *Oostdyk v Auto Owners Ins Co*, 498 Mich 913 (2015), citing *McPherson*, 493 Mich at 299.

fall would not have happened if she had been sitting or lying down.  Therefore, dizziness and vertigo, not falling, were the direct symptoms of plaintiff's head injury.

Reversed and remanded for further proceedings consistent with this opinion.  We do not retain jurisdiction.  Defendant may tax costs, having prevailed in full.

/s/ Michael J. Kelly
/s/ Christopher M. Murray
/s/ Michael J. Riordan